IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH M. WYATT,

                Plaintiff,                        Case No. 5:23cv303

vs.                                      Judge John P. Bailey

A & B SALES, INC d/b/a DLRMKT A B KIA,
CAPITAL ONE AUTO FINANCE, INC.,
FLAGSHIP CREDIT ACCEPTANCE LLC,
REGIONAL ACCEPTANCE CORPORATION,
ALLY FINANCIAL INC., EXETER FINANCE LLC,
AMERICREDIT FINANCIAL SERVICES, INC.,
GLOBAL LENDING SERVICES LLC,
SANTANDER CONSUMER USA INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES,
LLC, and TRANS UNION, LLC,

                Defendants.

## SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, Joseph M. Wyatt, by counsel, who for his Complaint against

the Defendants, A & B Sales, Inc., Capital One Auto Finance, Inc., Flagship Credit Acceptance

LLC, Regional Acceptance Corporation, Ally Financial Inc., Exeter Finance LLC, Americredit

Financial Services, Inc., Global Lending Services LLC, Santander Consumer USA Inc.,

TransUnion, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC,

alleges as follows:

1.      This action for damages is based on the Fair Credit Reporting Act and common law

regarding alleged consumer credit inquiries that have been falsely reported to the credit reporting

agencies as no such credit inquiries were authorized by the Plaintiff.

## PARTIES

2.      The Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c).

3.      The Defendant, A&B Sales, Inc. ("A&B") d/b/a DLRMKT A B KIA, is a West Virginia corporation with its principal place of business at 100 Marshall Street, Benwood, WV 26031.

4.      The Defendant, Capital One Auto Finance, Inc., is a Texas corporation with its principal place of business located at 7933 Preston Road, Plano, TX 75024.  Its agent for service of process is Corporation Service Company, 209 West Washington Street, Charleston, WV 25302.

5.      The Defendant, Flagship Credit Acceptance LLC, is a Delaware corporation with its principal place of business at 3 Christy Drive, Suite 201, Chadds Ford, PA 19317.  Its agent for service of process is Corporation Service Company, 209 West Washington Street, Charleston, WV 25302.

6.      The Defendant, Regional Acceptance Corporation, is a North Carolina corporation with its principal office at 1424 East Fire Tower Road, Greenville, NC 27858.  Its agent for service of process is Corporation Service Company, 209 West Washington Street, Charleston, WV 25302.

7.      The Defendant, Ally Financial Inc., is a Delaware corporation with its principal office located at 500 Woodward Avenue, 10th Floor, Detroit, MI 48226. Its agent for service of process is C T Corporation System, 5098 Washington Street West, Suite 407, Charleston, WV 25313-1561.

8.      The Defendant, Exeter Finance LLC, is a Texas corporation with its principal place of business located at 2101 W. John Carpenter Freeway, Irving, TX 75063.  Its agent for service of process is Corporation Service Company, 209 West Washington Street, Charleston, WV 25302.

9.      The Defendant, AmeriCredit Financial Services, Inc., is a Delaware corporation with its principal place of business located at 801 Cherry Street, Suite 3600, Fort Worth, TX 76102.  Its agent for service of process is Corporation Service Company, 209 West Washington Street, Charleston, WV 25302.

10.     The Defendant, Global Lending Services, LLC, is a Delaware corporation with its principal place of business located at 1200 Brookfield Blvd., Suite 300, Greenville, SC 29607.  Its agent for service of process is Cogency Global Inc., 128 Capitol Street, Charleston, WV 25301.

11.     The Defendant, Santander Consumer USA Inc., is an Illinois corporation with its principal place of business located at 1601 Elm Street, Suite 800, Dallas, TX 75201.  Its agent for service of process is C T Corporation System, 5098 Washington Street West, Suite 407, Charleston, WV 25313.

12.     TransUnion, LLC ("TransUnion") is a corporation incorporated under the laws of the State of Illinois and does business in West Virginia.  Its agent for service of process is Prentice Hall Corporation System, Inc., 209 West Washington Street, Charleston, WV 25302.

13.     TransUnion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

14.     TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

15.     Experian Information Solutions, Inc. ("Experian") is a corporation incorporated under the laws of the State of Delaware, has its North American headquarters in California and does business In West Virginia.  Its agent for service of process is CT Corporation System, 5098 Washington Street W, Suite 407, Charleston, WV 25313.

16.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

17.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

18.    Equifax Information Services, LLC ("Equifax") is a corporation incorporated under the laws of the State of Georgia, has its North American headquarters in Atlanta, Georgia and does business in West Virginia.  Its agent for service of process is 209 West Washington Street, Charleston, WV 25302.

19.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).  Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

20.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

### FACTS

21.    On February 10, 2019, Keli Wyatt, the Plaintiff's sister-in-law, purchased a 2016 Hyundai Elantra from A&B in Benwood, WV for the base price of $14,123.35 by way of dealer-arranged consumer financing.

22.    Joseph Wyatt agreed to be a co-signor for his sister-in-law Keli Wyatt with respect to this specific transaction only.

23.    Mr. Wyatt has historically had a very high credit score in excess of 800.

24.    During the purchase process, Joseph Wyatt provided Defendant A&B's employee and/or agent, personal and confidential information including, but not necessarily limited to, his

social security number, income information, driver's license(s), and other important, personal and confidential information.

25.     Upon information and belief, Plaintiff Joseph Wyatt's personal and confidential information was saved into A&B's database and/or operating system without prudent and appropriate safeguards permitting employees and/or agents of A&B to access Plaintiff's personal and confidential information at times unrelated to the specific purchase made by Keli Wyatt on February 10, 2019.  Further, upon information and belief, A&B did not maintain prudent and appropriate safeguards to secure its customers' hard copy files, which permitted employees and/or agents of A&B to access its customers', including Plaintiff's, personal and confidential information at times unrelated to specific purchase made by the consumer.

26.     Upon information and belief, employees were not properly supervised or monitored by Defendant A&B with respect to the database system or the hard copy files as referenced in paragraphs above.

27.     Upon information and belief, salespersons receive commissions and bonuses for completed sales transactions.

28.     Upon information and belief, on or around April 26, 2021, A&B attempted to sell another vehicle to Keli Wyatt.

29.     However, this time Joseph Wyatt was not present with his sister-in-law and did not intend to participate in and did not authorize any such transaction.

30.     Without his authorization or consent, the A&B salesman attempted to include Joseph Wyatt in this proposed loan and purchase transaction.   A&B then shopped the potential loan to at eight consumer lenders, including Capital One Auto Finance, Inc., Flagship Credit Acceptance LLC, Regional Acceptance Corporation, Ally Financial Inc., Exeter Finance LLC,

AmeriCredit Financial Services, Inc., Global Lending Services LLC and Santander Consumer USA Inc. (collectively, "Defendant Lenders").

31.     Each Defendant Lender proceeded to make a credit inquiry with TransUnion, LLC ("TransUnion"), Experian Information Solutions, Inc., ("Experian") and/or Equifax Information Services, LLC ("Equifax"). Transunion, Equifax, and Experian are collectively referred to herein as the Defendant CRAs.  In addition, an inquiry from A&B itself appears on Plaintiff's credit reports as "DLRMKTA B KIA."

32.     Joseph Wyatt did not authorize any of these transactions or inquiries.

33.     Upon information and belief, at some time on or before April 26, 2021, an employee of Defendant A&B accessed the database system and/or hard copy files belonging to Plaintiff from the prior transaction as referenced above.

34.     In accessing this database system and/or hard copy files, Defendant A&B Kia accessed Plaintiff's personal and confidential information including, but not necessary limited to, Plaintiff's social security number and other important, personal and confidential information.

35.      Upon information and belief, A&B never made this loan to Keli Wyatt. Nonetheless, credit inquiries alone, especially a high volume of credit inquiries, may harm a consumer's credit profile and appearance of creditworthiness.

36.     A&B and Defendant Lenders are subscribers and users of consumer reports.

37.     In order to attempt to make this second loan to Keli Wyatt, Defendant A&B and Defendant Lenders used their access to information stored by one or more credit reporting agency and accessed Plaintiff's credit profile.

38.     The referenced inquiries have become a component of the Plaintiff's credit profile and are reported to those who ask to review the credit history of the Plaintiff.

39.      Upon best information and belief, Defendant A&B and Defendant Lenders as "Users" agreed and represented in their agreements with the various credit reporting agencies that they would request and use consumer reports which were obtained from said agencies only for purposes which are lawful under the FCRA as defined under § 1681b.

40.      Upon information and belief, Defendant Lenders and Defendant A&B did not have a reasonable belief that they were accessing plaintiff's credit profile for a lawful purpose.

41.      Upon information and belief, Defendant Lenders and Defendant A&B did not follow reasonable commercial standards in obtaining and verifying consent to access plaintiff's credit profile.

42.      Wyatt did nothing to convey consent to Defendant A&B or Defendant Lenders and none of them obtained consent in writing or otherwise from Wyatt.

43.       In fact, Defendant A&B and Defendant Lenders never communicated with Wyatt at all prior to accessing his credit.

44.      Defendants were required pursuant to FCRA §§ 1681q, 1681n and 1681o to refrain from obtaining consumer reports from credit reporting agencies under false pretenses.

45.      At no relevant time, including on April 26, 2021, did Plaintiff have a relationship of any kind with Defendants as defined under FCRA § 1681b (3)(A)-(E).

46.      Plaintiff has not knowingly given written instructions to Defendants to obtain and/or release to a third party a consumer report of which Plaintiff was the subject; nor have Defendants or CRAs been ordered by a court of competent jurisdiction to issue a consumer report pursuant to FCRA § 1681b(1).

47.      Defendants have an affirmative duty to follow reasonable procedures, including those that would prevent the impermissible accessing of consumer reports.

48.     Reasonable procedures for users include restricting the ability of its agents to obtain consumer reports on consumers for any impermissible purpose.

49.     Upon best information and belief, Defendants' illegal and surreptitious acquisition of Plaintiff's credit reports derived from an interest and priority well beyond the scope of the FCRA.

50.     Defendants have compromised Plaintiff's access to credit in imparting to past, present and future credit grantors that Plaintiff has applied for credit in tandem with a relationship with Defendants.

51.     The acts and omissions committed by A&B and its employees as alleged herein were committed within the scope of the actual and/or apparent agency relationship with Defendant Lenders, who authorized A&B to deal with customers and take loan applications on their behalf.

52.     The acts and/or omissions giving rise to this complaint arose out of a "joint venture" and/or "civil conspiracy" as such terms have been defined by the common law between A&B and Defendant Lenders.

53.     Plaintiff did not begin to discovery the above-described wrongful conduct until he was later denied approval for a Kroger 1-2-3 REWARDS World MasterCard account offered by US Bank based upon information it obtained from Transunion.

54.     Upon information and belief, this credit opportunity was denied because of too many recent credit inquiries.

55.     Plaintiff has similarly been prohibited from other credit opportunities and/or has suffered other adverse actions as a result of the reporting of numerous credit inquiries never authorized by the Plaintiff.

56.     Thereafter, Plaintiff began a lengthy credit dispute process.

57.     He first disputed the credit inquiries he found reported by Equifax on November 5, 2021.  Those inquiries included inquiries from Exeter Finance, Americredit Financial Services, and Global Lending Services, Inc.

58.     Equifax responded to the dispute letter only by requesting additional proof of identity. Mr. Wyatt provided the requested information.  Still, Equifax never responded substantively to this dispute.

59.     Additional disputes were made with each CRA on September 16, 2022 after further credit reports were later obtained.

60.     The Experian inquiries included inquiries from Ally Financial, Capital One Auto Finance, Global Lending Services, and Santander Consumer USA.

61.     The Transunion inquiries included inquiries from Flagship Credit Acceptance, Ally Financial, Regional Acceptance, Capital One Auto Finance, and DLRMKTA B Kia.

62.     Upon information and belief, each of Plaintiff's dispute letters was forwarded to Defendant Lenders by the respective credit reporting agencies.

63.     Experian reported the results of its reinvestigation to Joseph Wyatt on September 28, 2022.  The report does not reference the inquiries specifically. Upon information and belief, Experian failed to delete these credit inquiries.  Accordingly, no changes were made to the false reporting by Defendants.

64.     A January 3, 2023 credit report obtained from Experian demonstrates that these credit inquiries remain.

65.     Equifax and Transunion did not respond to the September 2022 disputes.

66.     Additional disputes were made to Equifax and Transunion on October 19, 2022.

67.     Upon information and belief, each of Plaintiff's dispute letters were forwarded to Defendant Lenders by the respective credit reporting agencies.

68.     Equifax reported the results of its reinvestigation to Joseph Wyatt on October 31, 2022.  It acknowledged receiving the credit inquiry disputes but concluded the inquiries were valid and would remain for two years.   Accordingly, no changes were made to the false reporting by Defendants.

69.     Transunion reported the results of its reinvestigation to Joseph Wyatt on November 4, 2022.  It did not specifically address the inquires but provided a new credit report showing that the inquiries were not deleted and remained on Mr. Wyatt's credit profile.  Accordingly, no changes were made to the false reporting by Defendants.

70.     Upon information and belief, Defendant Lenders failed to conduct lawful investigations and, upon information and belief, unlawfully and wrongfully verified the reporting of the credit inquiries as accurate.

71.     Upon information and belief, the Defendant CRAs, and perhaps other credit reporting agencies, are still reporting the false and unauthorized credit inquiries from April 26, 2021 as described above which adversely affects Plaintiff's credit profile.

72.     Upon Plaintiffs' information and belief, and in accordance with their standard procedures, Experian, Equifax and Transunion did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make a reasonable attempt to investigate Defendant Lender's representations and simply accepted its representations as accurate.

73.     As a direct and proximate result of the wrongful conduct of the Defendants, the Plaintiff has suffered financial losses, consequential damages and has had to secure the services of legal counsel.

74.     As a direct and proximate result of the wrongful conduct of the Defendants, the Plaintiff has suffered annoyance, aggravation, and inconvenience.

75.     As a direct and proximate result of Defendants' misconduct as described above, the Plaintiff has suffered adverse actions and consequences in credit related transactions or in the ability to enter into credit related transactions.

76.     Plaintiff further requests appropriate equitable relief, including, but not limited to, Defendants modifying their data security measures to conform with applicable laws and standards and the deletion of the credit inquiries.

**COUNT I**
**Violations of the Fair Credit Reporting Act**
**15 U.S.C. §§ 1681b**

77.     Defendant A&B and Defendant Lenders/Users willfully and/or negligently violated the provisions of the FCRA in the following respects:

   (a)     Defendants have falsely, purposely, surreptitiously and maliciously obtained the Plaintiff's credit reports in violation of FCRA § 1681q;

   (b)     Defendants have falsely, purposely, surreptitiously and maliciously obtained the Plaintiff's credit reports in violation of FCRA § 1681n; and

   (c)     Defendants have obtained the Plaintiff's credit reports in violation of FCRA § 1681o.

78.     The FCRA establishes very specific rules placing limitations upon an entity (or "person") seeking to obtain a consumer's credit history or the content of a consumer's credit file, as follows:

   (a)     Certain use or obtaining of information prohibited.—A person shall not use or obtain a consumer report for any purpose unless—

   (b)     The consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

   (c)     The purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

11

See 15 U.S.C. § 1681b(f).

79.     Section § 1681b(a)(3) of the FCRA lists the all-inclusive purposes for which a consumer report can be obtained, as follows:

> (a)     In General — . . . [A] consumer reporting agency may furnish a consumer report under the following circumstances and no other:
> * * *
> (3)     To a person which it has reason to believe—
> (A)     intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
> * * *
> (F)     otherwise has a legitimate business need for the information—(i) in connection with a business transaction that is initiated by the consumer; or (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

80.     Defendants did not have any permissible purpose as set forth under the FCRA.

81.     Defendants had actual knowledge that they had no permissible purpose to obtain Plaintiff's credit information.

82.     For Defendants to access the consumer credit history of a consumer whom is known by it to not have any account with Defendants constitutes willful non-compliance with the FCRA.

83.     As a direct and proximate result of Defendant A&B and Defendant Lenders' willful conduct as outlined above, Plaintiff is entitled to actual or statutory damages, plus punitive damages and reasonable attorney's fees together with the costs of this action as provided by 15 U.S.C. § 1681n.

84.     Alternatively, the impermissible access of Plaintiff's credit information constitutes a negligent violation as set forth in 15 U.S.C. § 1681o. In this regard, Plaintiff is entitled to recover his actual damages in an amount to be proven at trial, plus attorney's fees together with the costs of this action

**COUNT II**
**Violations of the Fair Credit Reporting Act**
**15 U.S.C. §§ 1681s-2(b)**

85.    Plaintiff realleges and incorporates paragraphs above as if fully set out herein.

86.    Defendant Lenders willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's disputes, and/or by failing to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the information.

87.    As a result of this conduct, action and inaction of Defendant Lenders, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and annoyance, aggravation, and inconvenience.

88.    Defendant Lenders' conduct, action and inaction was willful, rendering them liable for actual or statutory, and punitive damages pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

89.    The Plaintiff is entitled to recover costs and attorney's fees from Defendant Lenders in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III
### Breach of Fiduciary Duty (Against Defendant A&B)

90.    Plaintiff realleges and incorporates paragraphs above as if fully set out herein.

91.    By entering into a contractual relationship whereby the Plaintiff was required to provide private and confidential information, Defendant A&B, assumed the role of a fiduciary and was charged with a duty to safe keep that information.

92.    By causing the release of the Plaintiff's private and confidential information, the Defendant A&B is guilty of a breach of its fiduciary duty.

93.    As a direct and proximate result of the breach of fiduciary duty by the Defendant A&B, the Plaintiff suffered the injuries, damages and losses referenced herein.

## COUNT IV
### Negligence (Against Defendant A&B)

94.      Plaintiff realleges and incorporates paragraphs above as if fully set out herein.

95.      Defendant A&B has a duty to exercise due care in the methods used to safe keep the private and confidential information provided to it by clients, including the Plaintiff.

96.      Defendant A&B breached this duty of care by using a system whereby any of their employees or agents could freely access a client's private and confidential information without accountability therefore.

97.      It was foreseeable to Defendant A&B that a failure to use reasonable measures to protect customer account information could result in injury to consumers and the Plaintiff.

98.      Also, Defendant had a duty to employ reasonable security measures under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, which prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, failing to use reasonable measures to protect confidential consumer data.

99.      Defendant's duty to use reasonable care in protecting account data arose not only as a result of the statutes and regulations, but also because Defendant is bound by industry standards.

100.      Defendant A&B breached its duties, and thus was negligent, by failing to use reasonable measures to protect account information. Defendant's negligent acts and omissions include, but are not limited to, the following:

> (a)      Failing to adopt, implement, and maintain adequate security measures to safeguard account information;
>
> (b)      Failing to adequately monitor the security of Defendant's operating network;
>
> (c)      Allowing unauthorized access to Plaintiff's sensitive information;

       (d)      Failing to detect in a timely manner that Plaintiff's information had been compromised; and

       (e)      Failing to timely notify Plaintiff about the data breach so that he could take appropriate steps to mitigate the risk of identity theft and other damages.

101.    Defendant had a duty to exercise due care in training and supervising its employees and agents.

102.    Defendant breached this duty of care by failing to properly train and supervise its employees and agents in such a way that would have prevented them from accessing and using private and confidential information belonging to clients, including the Plaintiff.

103.    Defendant had a duty to properly design and ensure operating systems, database systems and/or other software systems did not permit unfettered access to customer's personal and confidential information at times unrelated to the specific transaction requested by the consumer.

104.    Defendant breached its duty by utilizing operating systems, database systems and/or other software which permitted employees and/or agents to access Plaintiff's confidential information without authorization and when not being used for specific purpose of properly accessing personal and confidential information.

105.    As a direct and proximate result of the breach of the duty of due care by the Defendant A&B, herein and above alleged, the Plaintiff suffered the injuries, damages and losses set forth herein.

## COUNT V
## Invasion of Privacy

106.    Plaintiff realleges and incorporates paragraphs above as if fully set out herein.

107.    The Defendant A&B and Defendant Lenders tortiously invaded the privacy of the Plaintiff by accessing his private and confidential information without his knowledge or consent.

108.    The Defendants invaded the privacy of the Plaintiff by appropriating his identity, accessing his credit profile, and attempting to make a loan that would have obligated the Plaintiff – all without the Plaintiff's knowledge or consent.

109.    As a direct and proximate result of the invasion of privacy by the Defendants, the Plaintiff suffered the injuries, damages and losses set forth herein.

## COUNT VI
### Fraudulent Concealment (Against Defendant A&B)

110.    Plaintiff realleges and incorporates paragraphs above as if fully set out herein.

111.    The Defendant A&B concealed from the Plaintiff the fact that it was accessing his private and confidential information, appropriating confidential information, and attempting to make a loan to plaintiff for the purchase of property by another without Plaintiff's knowledge or consent – all with the express intention of misleading or deceiving the Plaintiff.

112.    The foregoing conduct constitutes the tort of fraudulent concealment.

113.    As a direct and proximate result of the fraudulent concealment committed by the Defendant, the Plaintiff suffered the injuries, damages and losses set forth herein.

## COUNT VII
### CRA's Violations of the Fair Credit Reporting Act
### 15 U.S.C. §§ 1681e(b)

114.    The Plaintiff re-alleges and incorporates paragraphs above as if fully set out herein.

115.    Experian, Equifax and TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they published and maintain concerning the Plaintiff.

116.    As a result of the conduct, action and inaction of Defendant CRAs, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of adverse actions.

117.    Defendant CRAs' conduct, action and inaction was willful, rendering them liable for actual and punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. 1681o.

118.    The Plaintiff is entitled to recover costs and attorney's fees from CRAs in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT VIII**
**CRA's Violations of the Fair Credit Reporting Act**
**15 U.S.C. §§ 1681i**

119.    Plaintiff re-alleges and incorporates paragraphs above as if fully set out herein.

120.    Defendant CRAs violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Defendant Lenders; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and/or by relying upon verification from a source it has reason to know is unreliable.

121.    As a result of this conduct, action and inaction of CRAs, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of adverse credit actions.

122.    CRAs' conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to

15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

123.  The Plaintiff is entitled to recover costs and attorney's fees from CRAs in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT IX
## Punitive Damages

124.  Plaintiff realleges and incorporates paragraphs above as if fully set out herein.

125.  The conduct of the Defendants, hereinabove alleged, was done willfully, wantonly, recklessly and/or with complete indifference to their obligations under law.

126.  The Plaintiff, in addition to compensatory damages, should be awarded punitive and exemplary damages in an amount that will punish the Defendants for their wrongful conduct and will deter them and other similarly situated institutions and individuals from engaging in similar conduct in the future.

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment against the Defendants for all damages, penalties and relief alleged herein, together with pre and post judgment interest and attorney fees, and any other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**.

JOSEPH WYATT, Plaintiff

By:    /s/  *Jason E. Causey*
JASON E. CAUSEY #9482
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV  26003
(304) 242-8410
jcausey@bordaslaw.com
*Counsel for Plaintiff*

18

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH M. WYATT,

        Plaintiff,                                Case No. 5:23cv303

vs.                                          Judge John P. Bailey

A & B SALES, INC d/b/a DLRMKT A B KIA,
CAPITAL ONE AUTO FINANCE, INC.,
FLAGSHIP CREDIT ACCEPTANCE LLC,
REGIONAL ACCEPTANCE CORPORATION,
ALLY FINANCIAL INC., EXETER FINANCE LLC,
AMERICREDIT FINANCIAL SERVICES, INC.,
GLOBAL LENDING SERVICES LLC,
SANTANDER CONSUMER USA INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES,
LLC, and TRANS UNION, LLC,

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **SECOND AMENDED COMPLAINT** was filed with the court through the Court's CM/ECF system which will automatically send electronic notification of the filing upon all counsel of record on the 27th day of October, 2023.

By:    /s/ *Jason E. Causey*
          Jason E. Causey #9482
          BORDAS & BORDAS, PLLC
          1358 National Road
          Wheeling, WV  26003
          (304) 242-8410
          jcausey@bordaslaw.com
          *Counsel for Plaintiff*